**SLIP OP 12 -**70

**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| RACK ROOM SHOES, SKIZ IMPORTS LLC, and FOREVER 21, INCORPORATED,<br><br>          PlaintiffS,<br><br>                    v.<br><br>UNITED STATES,<br><br>          Defendant. | Before: Donald C. Pogue, Chief Judge<br>          Jane A. Restani, Judge<br>          Judith M. Barzilay, Sr. Judge.<br><br>Consol. Court No. 07-00404 |

**MEMORANDUM AND ORDER**

[Plaintiff's motion for reconsideration is denied.]

Dated: June 1, 2012

    John M. Peterson, George W. Thompson, Maria E. Celis, Russell A. Semmel, and Richard F. O'Neill, Neville Peterson LLP, of New York, NY, for the Plaintiff, Rack Room Shoes.

    Michael T. Cone, McCullough Ginsberg Montano & Partners LLP, of New York, NY, for the Plaintiff, SKIZ Imports LLC.

    Damon V. Pike, The Pike Law Firm P.C., of Decatur, GA, for the Plaintiff, Forever 21, Inc.

    Tony West, Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for the Defendant.  With him on the briefs were Jeanne E. Davidson, Director; Reginald T. Blades, Jr., Assistant Director, and Aimee Lee, Trial Attorney.  Of counsel on the briefs were, Yelena Slepak, Office of Assistant Chief Counsel, International Trade Litigation, United States Customs and Border Protection, and Leigh Bacon, Office of the General Counsel, United States Trade Representative.


        **Pogue, Chief Judge**: In this action, Plaintiff Rack Room

Shoes, Inc. ("Rack Room"), together with other United States

importers, allege, in their Amended Complaints, that certain glove, footwear and apparel tariff classifications violate the Equal Protection Clause of the Constitution.  U.S. Const. amend. XIV, § 1, cl. 2.  The court dismissed the complaints in <u>Rack Room Shoes v. United States</u>, 36 CIT __, 821 F. Supp. 2d 1341 (2012)(dismissing for failure to state a plausible claim of intent to discriminate).[1]

Rack Room, pursuant to USCIT Rule 59, now seeks reconsideration of the court's dismissal.[2]  Rack Room asserts that there was legal error in the court's 1) failure to make necessary findings of fact, and 2) failure to articulate the applicable pleading standard or reconcile such a standard with USCIT Rule 9(b).

Because Rack Room's assertions are incorrect, as explained below, its motion for rehearing is denied.

### STANDARD OF REVIEW

The court will grant a rehearing when there has been: "1) an error or irregularity, 2) a serious evidentiary flaw, 3) the discovery of new evidence which even a diligent party could not have discovered in time, or 4) an accident, unpredictable

---

[1] Familiarity with the court's earlier opinion is presumed.

[2] USCIT Rule 59 provides that a "court may . . . grant a . . . rehearing for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court."

surprise or unavoidable mistake which impaired a party's ability
to adequately present its case." See, e.g., Target Stores v.
United States, 31 CIT 154, 156, 471 F. Supp. 2d 1344, 1347
(2007).  However, the court does not grant a motion for rehearing
merely to permit the losing party another chance to re-litigate
the case.  USEC, Inc. v. United States, 25 CIT 229, 230, 138 F.
Supp. 2d 1335, 1336 (2001). Rather, the moving party must show
that the court committed a "fundamental or significant flaw" in
the original proceeding.  Id.

## DISCUSSION

Rack Room first asserts that the court failed to make
necessary findings of fact with regard to each provision of the
Harmonized Tariff Schedule of the United States ("HTSUS")
challenged in the prior proceeding.  Specifically, Rack Room
claims that the court failed to find that each challenged
provision was not facially discriminatory before proceeding to
dismiss the case.[3]

But classification is an inherent part of the HTSUS and
therefore a claim of facial discrimination in the HTSUS,
specifically in classifications that include only a reference to
age or gender, will be unavailing.  Leathers v. Medlock, 499 U.S.

---

[3] Plaintiffs have repeatedly, and incorrectly, conflated
neutral classifications present throughout the HTSUS with the
type of facial discrimination, arising from invidious intent,
that is necessary to a finding of facial discrimination.

439, 451 (1991) ("Inherent in the power to tax is the power to
discriminate in taxation."); <u>Totes-Isotoner Corp. v. United
States</u>, 594 F.3d 1346, 1357, 1359 (Fed. Cir. 2010), <u>cert.</u> <u>denied</u>,
131 S. Ct. 92 (2010), ("[W]e . . . cannot assume that this
differential treatment of different goods is invidious.")(Proust,
J., concurring)(noting also that gender- or age-based tariff
classifications which impose burdens on importers rather than
"gender- or age-based classes of people" are not facially
discriminatory). Thus, no separate fact-finding step is
necessary, with regards to each individual HTSUS subheading that
the Plaintiff challenges, because the gender- and age-based
classifications at issue, regardless of which specific subheading
is referred to, are not facially discriminatory.[4]

Moreover, there is no difference in the form of the
multiple classifications that Plaintiffs challenge. Compare
subheadings 4203.29.30 (men's gloves) and 4203.29.40 (gloves for
"other persons"), which were challenged in <u>Totes-Isotoner Corp.
v. United States</u>, 32 CIT 739, 569 F. Supp. 2d 1315 (2008), with
6403.99.60 (footwear for men, youths, and boys) and 6403.99.90
(footwear for women), which are among the many tariff subheadings

---

[4] Furthermore, as the government correctly notes, Plaintiffs
overlook that this case was dismissed pursuant to USCIT Rule
12(b)(5). Therefore, Plaintiffs' argument that we failed to make
the necessary findings of fact under USCIT Rule 52(a)(1) must
fail.

challenged by the Plaintiffs.  With regards to both

classifications, the first heading makes reference to the gender

or age of the intended user, then the classification further

distinguishes items by characteristics such as the presence of

lining, material, or simply states the name of the item.[5]  The

facial form of all challenged headings is the same.  See Appendix

A (listing all headings challenged by Plaintiffs).

Plaintiff's second alleged basis for reconsideration

asserts that the court overlooked USCIT Rule 9(b) when ruling

that Plaintiffs must plead sufficient facts to plausibly show

that Congress had an invidious intent to discriminate in adopting

the challenged HTSUS provisions.[6]   This claim also fails.

USCIT Rule 9(b) states that "[m]alice, intent,

knowledge, and other conditions of a person's mind may be alleged

---

[5] If anything, close examination of the subheadings reveals
that the intended user's gender and/or age is but one of many
factors taken into consideration when classifying imports.  Most
often, the provisions are concerned with the materials of which
the goods are made or the manufacturing process of the item,
e.g., knitted.  Moreover, these are not actual use provisions so
they create no requirement that the goods be used by purchasers
of a particular sex or age.  Accordingly, the reference to the
intended user's gender and age cannot be considered invidious
intent to discriminate.

[6] Plaintiff also claims, oddly, that the court failed to
articulate the pleading standard on which its prior decision was
based.  But our prior opinion states quite clearly that
Plaintiffs were required to allege sufficient facts to make out a
plausible claim of invidious intent to discriminate.  Rack Room
Shoes, 36 CIT at __, 821 F. Supp. 2d at 1346.  This claim,
therefore, is also unavailing.

generally." USCIT R. 9(b).  It follows, certainly, that intent may be alleged generally.  Nonetheless, Plaintiffs must also allege facts sufficient to raise a plausible claim.  See, e.g., Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); Totes-Isotoner, 594 F.3d at 1358 (holding that plaintiffs claiming discrimination are "required to allege facts sufficient to establish a governmental purpose to discriminate").  Rather than being mutually exclusive, as Plaintiffs seem to suggest, the now-familiar Twombly standard, with its threshold plausibility requirement, is supplemental to, and informs the application of, Rule 9(b).  Accordingly, our dismissal of Plaintiffs' Amended Complaints for failure to state a plausible claim is not inconsistent with USCIT Rule 9(b).

### CONCLUSION

For the forgoing reasons, Plaintiff's motion for rehearing is denied.

So Ordered.

                                         /s/ Donald C. Pogue
                                     Donald C. Pogue, Chief Judge

Dated:     June 1, 2012
           New York, New York